**Paramjit SINGH, Petitioner,**

v.

**Michael MUKASEY,\* Attorney General, Respondent.**

**No. 04–76691.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.\*\*

Filed Sept. 19, 2008.

Manish Daftari, Esquire, Hardeep Singh Rai, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

James Eugene Grimes, Senior Litigation Counsel, Thankful Townsend Vanderstar, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN and GOULD, Circuit Judges, and SCHIAVELLI,\*\*\* District Judge.

MEMORANDUM \*\*\*\*

Paramjit Singh ("Singh"), a native and citizen of India, petitions this Court to review the Board of Immigration Appeals' ("BIA") affirmance of an Immigration

---

*States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).

\* Michael Mukasey is substituted for his predecessor, Alberto Gonzales, as Attorney General of the United States. FED. R.APP. P. 43(c)(2).

\*\* The panel unanimously found this case suitable for decision without oral argument. FED. R.APP. P. 34(a)(2).

\*\*\* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Judge's ("IJ") order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on an adverse credibility determination.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

We review adverse credibility determinations for substantial evidence and will "reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). The reason for an adverse credibility determination must " 'strike at the heart of the claim' for asylum." *Id.* (citation omitted). A single supported ground for an adverse credibility finding, such as an inconsistency between testimony and affidavits, is sufficient if it " 'relate[s] to the basis for [petitioner's] alleged fear of persecution' " and goes to the heart of the claim. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (citation omitted).

According to Singh, he is a supporter of the All Indian Sikh Student Federation ("AISSF"), a political organization that advocates for the creation of Khalistan, an independent state for followers of the Sikh religion. Singh claims that between 1995 and 1996, while living in India, he was arrested three times and beaten by the Indian police because he supported the AISSF.

Substantial evidence supports the IJ's adverse credibility determination. Singh's testimony at his asylum hearing was inconsistent with the documentary evidence he submitted to support his asylum relating to two issues: (1) his purported involvement with the AISSF and (2) his alleged arrests by the Indian police.

First, the IJ found Singh not credible when he testified as to his involvement with the AISSF. In his declaration, Singh wrote that he had joined the AISSF. Yet, during the hearing, Singh testified that he was a only a supporter and not a member of the AISSF. This inconsistency raised concerns for the IJ. These concerns were further bolstered when none of the affidavits from witnesses from Singh's village stated that he was a supporter or member of the AISSF—despite Singh's testimony that it was well known in the village that he was a supporter of the AISSF for at least thirteen years. The nature of his involvement in the AISSF was central to his claims of persecution.

Second, the IJ found Singh not credible when he testified as to his arrests by the Indian police. While Singh testified that he was arrested by the Indian police on three separate occasions, none of the affidavits submitted by Singh supported his testimony. Only one affidavit, the affidavit by the Sarpanch of Singh's village, mentioned that Singh was arrested by the Indian police: yet, this affidavit noted only one arrest.

The inconsistencies in Singh's testimony regarding his purported involvement with the AISSF and alleged arrests were proper grounds for the IJ's adverse credibility determination because they went directly to the heart of his asylum claim: the existence of persecution or a well-founded fear of persecution by the Indian police. 8 U.S.C. § 1101(a)(42)(A).

Because his asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

---

1. The parties are familiar with the factual background, so we need not discuss all of the   factual details here.

554

Last, we reject Singh's contention that the BIA and IJ relied too heavily on the adverse credibility determination when denying his CAT claim, as the consideration given this claim was adequate. *See Almaghzar v. Gonzales,* 457 F.3d 915, 921–22 (9th Cir.2006) (affirming an IJ's denial of a petitioner's CAT claim because of (1) his adverse credibility determination and (2) his review of documentary evidence of torture).

**PETITION FOR REVIEW DENIED.**